[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14074
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00095-WS-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS ALONSO DELEON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 26, 2019)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Jose Luis Alonso DeLeon appeals his above guidelines, 60-month sentence after pleading guilty to illegal reentry and possession of a firearm by a prohibited person.

I.

In March 2018 police arrested DeLeon after finding him in a truck that had struck and killed a bicyclist.  The arresting officer smelled alcohol on DeLeon and saw a firearm on the front passenger floorboard, a firearm that was later determined to be stolen.  DeLeon was charged in state court with manslaughter, leaving the scene of an accident with injury or death, and receiving stolen property in the third degree.  After his arrest Immigration and Customs Enforcement agents determined that DeLeon had had six encounters with immigration authorities in the past — including a conviction for illegal entry in April 2014 that resulted in a sentence of 30 days imprisonment and a 20 year ban on reentering the United States.

In determining DeLeon's criminal history category, the probation officer noted that DeLeon had prior convictions for driving under the influence in 2010 and criminal mischief in 2006.  The probation officer calculated a total offense level of 13 and a criminal history category of 2, resulting in a guideline range of 15 to 21 months imprisonment.

At sentencing the district court said that it considered the presentence report, letters submitted on DeLeon's behalf, argument from counsel, the sentencing guidelines, and the 18 U.S.C. § 3553(a) factors.  The court emphasized that DeLeon's federal offenses came to the attention of law enforcement through his "serious violations of the laws of the State of Alabama."  It noted that while DeLeon had characterized hitting the bicyclist as an accident, leaving the scene of an accident was a felony offense that he would not have been in a position to commit but for his illegal reentry.  The court also noted that DeLeon's repeated prior contacts with immigration authorities were important considerations.  After considering the seriousness of the offense, the victim impact, and the need for adequate deterrence and punishment the court imposed a sentence of 60 months imprisonment and three years of supervised release.  The court noted that it was imposing "a standalone sentence" and that it did "not know what the State of Alabama will do with regard to the state charges . . . . That will be up to them to decide."

## II.

DeLeon contends that the district court's upward variance from the guideline range was substantively unreasonable.  We review the reasonableness of a district court's sentence only for abuse of discretion.  United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).  The weight given to any § 3553(a) factor is a

3

matter committed to the discretion of the district court.  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008).  A district court abuses its discretion if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment when balancing the proper factors.  Irey, 612 F.3d at 1189.  "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors."  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

If the district court imposes a sentence "outside the guidelines range, [we] may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  Williams, 526 F.3d at 1322 (quotation marks omitted).  A district court is "free to consider any information relevant to [a defendant's] background, character, and conduct in imposing an upward variance."  Tome, 611 F.3d at 1379 (quotation marks omitted).

Here the district court did not abuse its discretion in imposing an upward variance.  At sentencing the court explained that the variance was based on several § 3553(a) factors including the seriousness of the offense and the need to promote adequate deterrence, just punishment, and respect for the law in light of DeLeon's repeated contacts with law enforcement and immigration authorities.  DeLeon

contends that the court placed significant weight on an improper factor by considering DeLeon's three state felony charges. See Irey, 612 F.3d at 1189. But the court was permitted to consider any information relevant to DeLeon's "background, character, and conduct in imposing an upward variance." Tome, 611 F.3d at 1379 (quotation marks omitted).[1] DeLeon may disagree with the weight the district court gave to particular § 3553(a) factors, but we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the variance imposed. United States v. Williams, 526 F.3d at 1322 (quotation marks omitted). Because the court gave a detailed explanation of why the § 3553(a) factors justified DeLeon's variance and explicitly acknowledged that it was imposing a "standalone sentence" independent of his pending state charges, it did not abuse its discretion by considering the charges as one of many significant § 3553(a) factors justifying an upward variance.

**AFFIRMED.**

---

[1] DeLeon also argues that consideration of these charges was improper because the offense conduct guideline for his crime does not include a cross-reference to manslaughter. See U.S.S.G. § 2L1.2. This argument is misplaced because DeLeon's offense level was not increased due to his state charges. The district court merely considered them as one of several significant § 3553(a) factors in deciding to impose an upward variance.